**ENTERED**

APR 2 7 2004

**K.R.W.**

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FILED
BRENDA K. ARGOE, CLERK
United States Bankruptcy Court
Columbia, South Carolina (6)
APR 27 2004
o'clock & ___ min ___ M

| | |
|---|---|
| IN RE:<br><br>Rhoda Jones,<br><br>                Debtor. | C/A No. 03-10778-W<br><br>Adv. Pro. No. 04-80113-W |
| Rhoda Jones,<br><br>                Plaintiff,<br><br>      v.<br><br>Bankers Trust Company, as Trustee for the AMRESCO Residential Corporation Mortgage Loan Trust 1998-1 under the Pooling and Servicing Agreement Dated as of February,<br><br>                Defendant. | **ORDER**<br><br>Chapter 13 |

THIS MATTER comes before the Court upon the Plaintiff's request for emergency hearing on the Complaint filed in the above-captioned adversary proceeding by Rhoda Jones ("Debtor" or "Plaintiff") against Bankers Trust Company, as Trustee for the AMRESCO Residential Corporation Mortgage Loan Trust 1998-1 under the Pooling and Servicing Agreement Dated as of February ("Bankers Trust" or "Defendant"). The Complaint seeks an order invalidating a foreclosure sale by virtue of the automatic stay and failure to comply with state law, enjoining a Rule to Show Cause Hearing scheduled in state court for April 27, 2004 (the "Eviction Hearing") for Debtor to show good cause why she should not be evicted from her home, and for damages for violation of the automatic stay as well as attorney's fees and costs for bringing this action. Defendant appeared at the hearing to oppose the relief requested in the Complaint.

Based upon a review of the pleadings and considering the arguments of counsel as well as the authority presented by both parties, the Court makes the following Findings of Fact and Conclusions

of Law:[1]

## FINDINGS OF FACT

1.      Debtor filed for bankruptcy protection under Chapter 13 of the United States Bankruptcy Code on August 29, 2003.

2.      Prior to Debtor's bankruptcy filing, Defendant obtained a Judgment, Foreclosure and Sale by Order in state court dated August 8, 2003.

3.      Shortly after filing, the Chapter 13 Trustee (the "Trustee") filed a Petition to Dismiss Chapter 13 Case with Prejudice (the "Petition to Dismiss"), alleging that Debtor had a previous Chapter 13 case dismissed within the preceding year, that Debtor is unable to show a change in circumstances that would justify the refiling, and that the filing of the case represented "bad faith" and constitutes unreasonable delay that is prejudicial to creditors.

4.      On November 20, 2003, the hearing was held on Debtor's Amended Chapter 13 Plan (the "Plan") and Related Motions (the "Confirmation Hearing") as well as on Trustee's Petition to Dismiss.  The Petition to Dismiss was resolved, and Debtor entered into a Consent Order setting any future dismissal with prejudice.  With respect to the Confirmation Hearing, an Order was entered on November 20, 2003, stating that the Plan did not comply with the requirements of Chapter 13 and that confirmation was denied.  The Order further gave Debtor ten (10) days from the date of the Order within which to propose and file an amended plan and certificate of mailing.  The Order specifically provided that if no such amended plan and/or certificate of mailing is filed, the case may be dismissed

---

[1]      The Court notes that to the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are so adopted.

without further notice or hearing.

5.        On January 9, 2004, the Trustee filed a Motion for Dismissal with Prejudice for 180

Days (the "Motion to Dismiss") due to Debtor's failure to comply with the November 20, 2003 Order.

The Motion to Dismiss was granted by Order entered January 14, 2003 (the "Dismissal Order").

6.        Approximately three weeks later, Debtor filed a Motion to Reconsider the Dismissal

Order on February 6, 2004,[2] stating that Debtor substantially complied with the November 20, 2003

Order but inadvertently did not forward one of the documents required. Hearing was scheduled on the

Motion to Reconsider for March 11, 2004.

7.        The Court entered an Order Vacating Order of Dismissal on March 12, 2004.

8.        During the time period between dismissal of Debtor's case and reinstatement,

Defendant proceeded with foreclosure. Debtor's home was sold via public sale on March 1, 2004, to

Defendant (the "Foreclosure Sale").

9.        On April 21, 2004, Debtor filed the Complaint and Motion for Emergency Hearing

on the Complaint. At the hearing held on April 23, 2004, Defendant agreed that the Eviction Hearing

scheduled for April 27, 2004, was stayed by the automatic stay upon this Court's Order reinstating

Debtor's Chapter 13 case. Nevertheless, the parties presented to the Court certain questions for the

Court to consider as a matter of law that the parties agreed were necessary to be adjudicated at this

time.

## CONCLUSIONS OF LAW

---

[2]        The Complaint alleges the Motion to Reconsider was filed on February 26, 2004. This appears to
be a typographical error.

3

Debtor argues that the Foreclosure Sale is invalid for two reasons. First, that vacation of the Dismissal Order and reinstatement of the case re-instituted the automatic stay *retroactively* to the date of dismissal of the case. The effect of such a result would be that the automatic stay remained in place and the Foreclosure Sale was thus held in violation of the automatic stay. Second, that the Foreclosure Sale is void for lack of proper service and other procedural deficiencies, under applicable state law. The Court will initially address Debtor's first issue.

The Court starts with the proposition that it has already held in a previous Chapter 13 case that vacating the dismissal of a Chapter 13 case does not retroactively reinstate the automatic stay during the period when the case was dismissed. Jennings v. R&R Cars & Trucks (In re Jennings), C/A No. 01-02330, Adv. Pro. No. 01-80044, 2001 WL 1806980, slip op. at * 3 (Bankr. D.S.C. Sept. 17, 2001). In Jennings, the Court did not award damages to debtor for wrongful retention of debtor's repossessed vehicle during the time period between when the case was dismissed and when it was reinstated. However, the Court held that upon reinstatement of a Chapter 13 case, the automatic stay is simultaneously reimposed as of the date of reinstatement. Jennings, 2001 WL 1806980, at *3. Cases have similarly held. See In re Hill, 305 B.R. 100, 104-05 (Bankr. M.D. Fla. 2003) (citing cases). See also Nicholson v. Nagel (In re Nagel), 245 B.R. 657, 662 (D. Ariz.1999) (reasoning that, because the automatic stay does not continue after a case is dismissed, it is inconsonant to allow a retroactive reinstatement of the automatic stay once the case is reinstated); Frank v. Gulf States Fin. Co. (In re Frank), 254 B.R. 368, 374 (Bankr. S.D. Tex. 2000) (holding that, when a dismissed case is reinstated, the automatic stay is not retroactively reinstated with respect to creditor activity that occurred between dismissal and reinstatement).

The recent bankruptcy case of In re Hill has substantially similar facts to the matter before the Court. 305 B.R. 100. In Hill, a debtor's Chapter 13 case was dismissed for payment delinquencies. The debtor filed a motion to vacate the order, but prior to the hearing on the motion to vacate, the creditor foreclosed upon debtor's property. Debtor's case was subsequently reinstated, and a determination by the Court was sought as to whether the automatic stay was in effect at the time that the foreclosure sale was held. The Court in Hill reviewed numerous cases holding that the automatic stay is not retroactively reinstated with respect to creditor conduct that occurred between dismissal and reinstatement, and held that actions taken by the creditor during that time period were not invalidated. Id. at 104-07.

In the matter before the Court, Debtor relies upon two cases from the Ninth Circuit in support of its position that the automatic stay was in effect at the time of the Foreclosure Sale. Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman), 234 F.3d 1080 (9th Cir. 2000); Great Pac. Money Markets, Inc. v. Krueger (In re Krueger), 88 B.R. 238 (B.A.P. 9th Cir. 1988). However, those cases are distinguishable from the matter before the Court in one material way - the Chapter 13 cases were reinstated for lack of due process concerns relating to the debtor's bankruptcy cases and dismissals therefrom, and the orders dismissing those cases were deemed void upon reinstatement. In Krueger, the debtor was not informed that his confirmation hearing had been rescheduled, and the debtor's lack of appearance at the confirmation hearing and filing of an amended plan resulted in dismissal of his case. The court in Krueger found that the dismissal order was void as it was issued in a manner inconsistent with due process and that the stay was thus continuously in effect. 88 B.R. at 241. In Slyman, the debtor's bankruptcy case was dismissed for failure to attend two meetings of

5

creditors. The court in <u>Slyman</u> found that the debtor did not receive proper notice of either meeting, thus vacating the previous order of dismissal was proper and the automatic stay was likewise continuously in effect. 234 F.3d at 1087. The court in <u>Slyman</u> relied upon the decision and reasoning of the court in <u>Krueger</u>. <u>Id.</u>  Consequently, the automatic stay remained in place in both <u>Slyman</u> and <u>Krueger</u>, based upon the voiding of bankruptcy court dismissal orders due to lack of notice, or due process, during the bankruptcy case, to the debtors.

In the pending matter, there has been no argument that Debtor's bankruptcy case was dismissed due to any deficiency of notice to Debtor. Debtor failed to timely file an amended plan pursuant to an Order of the Court following notice and a hearing. Clearly, the act of dismissing the case was a proper exercise of this Court's jurisdiction and conducted with due process and therefore should not be rendered void by reinstatement of the case. The Court adheres to its earlier ruling in <u>Jennings</u> and finds no basis to depart from the general rule that the automatic stay is not retroactively reinstated during the time period between dismissal of a Chapter 13 case and reinstatement of that case.[3]

The second issue presented by Debtor concerns certain state court matters surrounding notice of the Foreclosure Sale. Debtor seeks an order from this Court invalidating the Foreclosure Sale due to service and other procedural deficiencies under South Carolina Rules of Civil Procedure. Debtor contends that this Court has jurisdiction to make such a determination. <u>See</u> <u>In re Graves</u>, 142 B.R. 115 (Bankr. E.D. Pa. 1992) (court considered whether service was defective with respect to sheriff's sale upon motion for relief from stay to allow state court eviction action to proceed). However, the issue

---

[3]    The automatic stay is re-instituted upon vacation of the order of dismissal, and Defendant concedes that the Eviction Hearing cannot go forward absent further relief from the automatic stay. Therefore, the Court need not address this matter further.

with respect to notice and procedure of the Foreclosure Sale is one of state law. The state court is in

the best position to determine whether certain state law requirements were met with respect to a sale

that occurred before it recently and under its jurisdiction. See In re Anderson, C/A No. 04-01278, slip

op. (Bankr. D.S.C. Apr. 15, 2004) ("determination of property rights and interests is generally the

province of a state court").

In recognizing that the Eviction Hearing scheduled in state court for April 27, 2004 is stayed

by virtue of the automatic stay currently in place and by stipulation of the parties, it is

**ORDERED** that Debtor's Second Cause of Action,[4] including her request for an order finding

that the actions of the Defendant taken during the period between dismissal of the case and

reinstatement are void, that the Foreclosure Sale is void, and that Defendant is in violation of the

automatic stay, is denied; and it is further

**ORDERED** that the Court sua sponte grants relief from the automatic stay to allow either or

both parties to address the issue surrounding the validity of the Foreclosure Sale as stated in the Third

Cause of Action of the Complaint in the appropriate state court, and therefore the Court abstains from

a further determination of that issue; and it is further

**ORDERED** that the request to enjoin the eviction hearing contained in the Fourth Cause of

Action is mooted by virtue of the effect of the automatic stay; and it is further

**ORDERED** that Debtor's request for attorney's fees and other damages, including that

requested in the Fifth Cause of Action, is denied; and it is further

---

[4]     Debtor did not include a First Cause of Action in the Complaint.

7

**ORDERED** that inasmuch as the relief requested by the Plaintiff has been fully addressed by

this Order, the Adversary Proceeding need not continue and hereby is dismissed.[5]

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina,
April 27 , 2004.

_____

[5]     Defendant has informed the Court that it intends to file a motion for relief from the automatic stay to proceed
with the Eviction Hearing. The Court recognizes that similar issues may arise in connection with that motion.